UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

—————————————————————————

MICHAEL S. HARTLEY,

                          Plaintiff,

          v.                                                      9:14-CV-1366
                                                                  (GLS/CFH)
DEVLIN, et al.,

                          Defendants.

—————————————————————————

APPEARANCES:

MICHAEL S. HARTLEY
13-B-3811
Plaintiff, pro se
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

          The Clerk has sent to the Court for review a pro se civil rights complaint filed by

plaintiff Michael S. Hartley pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1

("Compl.").  Plaintiff has submitted an application to proceed with this action in forma

pauperis.  Dkt. No. 2 ("IFP Application").  Plaintiff is currently incarcerated at Marcy

Correctional Facility ("Marcy C.F.") and has not paid the required filing fee.

### II.    DISCUSSION

####      A.    IFP Application

          Upon review of plaintiff's IFP Application (Dkt. No. 2), the Court finds that plaintiff has

demonstrated sufficient economic need and has filed the inmate authorization form required in the Northern District of New York.  Therefore, plaintiff's IFP Application is granted.

### B.    Review of the Complaint

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis.  *See id*.

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

---

[1]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

Plaintiff asserts claims arising out of his confinement at the Otsego County Jail and Marcy C.F.  *See generally* Compl.  The following facts are set forth as alleged by plaintiff in his complaint.

While in custody at the Otsego County Jail in September, 2013, plaintiff was sent to an

outside hospital because he was in severe pain. *Id*. at 4.  The doctor at the hospital determined that plaintiff had "an enlarged and perforated appendix" and "should undergo surgery as soon as practicable, but in any event, not beyond the date of October, 2013, because of the potential for serious injury should the appendix burst." *Id*.  Defendant Devlin "disappoved" the medical transfer order that would have allowed plaintiff to have the surgery, and plaintiff suffered "excru[c]iating pain" from September 3, 2014, until December 28, 2013, the period of time he was in the custody of defendant Devlin. *Id*.  Plaintiff sent a grievance to defendant Smith regarding his failure to receive adequate medical care at the Otsego County Jail, but defendant Smith "fail[ed] to intervene" on plaintiff's behalf. *Id*. at 5, 15.

Plaintiff arrived at Marcy C.F. on February 6, 2014. *Id*. at 5.  Despite having received a doctor's recommendation that plaintiff have his appendix removed no later than October, 2013, defendants Coppola, Vadlamudi, and Zaki refused plaintiff's requests for the surgery. *Id*. at 5-11.  Defendants Kelly and Keoningsman were aware of plaintiff's medical issues through letters or grievances but they did not correct the wrongdoing. *Id*.  On February 20, 2014, plaintiff filed a grievance against defendants Coppola and Vadlamudi regarding their "callous disregard for plaintiff's condition." *Id*. at 7.  In April, 2014, defendant Coppola told plaintiff that she was discontinuing his seizure medication because he liked to file grievances. *Id*.  Because he has been denied surgery and pain medication, plaintiff has "been left for an extended period of time amounting to months, in excru[c]iating pain." *Id*. at 8.

Construed liberally, plaintiff's complaint alleges the following causes of action: (1) Eighth Amendment medical indifference claims against defendants Devlin, Coppola,

4

Vadlamudi, Zaki, Kelly, and Keoningsman;[2] (2) a First Amendment retaliation claim against defendant Coppola; and (3) a claim that defendant Smith did not properly address his grievance.  *See generally* Compl.  Plaintiff requests monetary damages and injunctive relief.  *Id.* at 10.  For a more complete statement of plaintiff's claims, refer to the entire complaint.

### 1.  Official Capacity Claims

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");  *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890);  *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997);  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's

---

[2]  Plaintiff does not allege whether he was a pre-trial detainee or a convicted prisoner when he was incarcerated at the Otsego County Jail.  If he were a pre-trial detainee, his medical care claims against defendant Devlin are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment.  *See, e.g., Richardson v. Nassau Cnty.*, 277 F. Supp. 2d 196, 201 (E.D.N.Y. 2003) (The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate conditions of confinement.).  Despite this distinction, the same standard applies to Fourteenth Amendment medical care claims involving non-prisoners as to Eighth Amendment medical claims regarding prisoners.  *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).  Actions for damages against a state official in his or her official capacity are essentially actions against the state.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).[3]

Here, insofar as plaintiff seeks an award of money damages pursuant to Section 1983 against defendants in their official capacities, *see* Compl. at 15-18, those claims are barred by the Eleventh Amendment and are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 2.  Failure to Adequately Address Grievances

There is no constitutional right of access to the established inmate grievance program. *Davis v. Buffardi*, No. 9:01-CV-0285 (PAM/GJD), 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("[p]articipation in an inmate grievance process is not a constitutionally protected right"); *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"); *Cancel v. Goord*, No. 00. CIV. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("inmate grievance procedures are not required by the Constitution and therefore a

---

[3] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution.  Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

violation of such procedures does not give rise to a claim under § 1983").

Thus, plaintiff's claim that defendant Smith did not adequately address his grievances is dismissed with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Remaining Claims

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's (1) Eighth Amendment medical indifference claims against defendants Devlin, Coppola, Vadlamudi, Zaki, Kelly, and Keoningsman and (2) First Amendment retaliation claim against defendant Coppola survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**.[4]  The Clerk shall provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 3), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

---

[4]  Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that the following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted or because plaintiff seeks monetary relief from persons who are immune from such relief:  (1) all claims for monetary damages against the defendants in their official capacities and (2) the claim that defendant Smith improperly addressed plaintiff's grievances;[5] and it is further

**ORDERED** that defendant Smith is **DISMISSED without prejudice**; and it is further

**ORDERED** that upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon defendants Devlin, Coppola, Vadlamudi, Zaki, Kelly, and Keoningsman.  The Clerk also shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General and to the County Attorney for Otsego County, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the complaint be filed by defendants Devlin, Coppola, Vadlamudi, Zaki, Kelly, and Keoningsman, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th

---

[5] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).

8

Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:  February 4, 2015
            Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

9