**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL S. HARTLEY,**

              **Plaintiff,**　　　　　　　　**9:14-cv-1366
　　　　　　　　　　　　　　　　　　　　　(GLS/CFH)**

              **v.**

**RICHARD DEVLIN, JR.[1] et al.,**

              **Defendants.**
_____
**APPEARANCES:**　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael S. Hartley
Pro Se
13-B-3811
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

**FOR THE DEFENDANTS:**
*Richard Devlin, Jr.*
Lemire, Johnson Law Firm　　　　　GREGG T. JOHNSON, ESQ.
P.O. Box 2485　　　　　　　　　　BRADLEY J. STEVENS, ESQ.
2534 Route 9
Malta, NY 12020

*Colleen Coppola, Dr. Vadlamudi,
Dr. Zaki, Charles Kelly, Jr., and
Keoningsman*
HON. ERIC T. SCHNEIDERMAN　　RYAN W. HICKEY
New York State Attorney General　　Assistant Attorney General

---

[1] The Clerk is directed to amend the docket to reflect that "Head Sheriff Devlin" is Richard Devlin, Jr. as specified in his answer. (Dkt. No. 12.)

The Capitol
Albany, NY 12224

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Michael S. Hartley commenced this action against defendant Richard Devlin, Jr., Otsego County Sheriff, and other defendants (hereinafter referred to as "State defendants") alleging civil rights violations pursuant to 42 U.S.C. § 1983. (*See generally* Compl., Dkt. No. 1.) Devlin and State defendants separately moved to dismiss. (Dkt. Nos. 20, 22.) In a Report-Recommendation and Order (R&R) dated January 19, 2016, Magistrate Judge Christian F. Hummel recommended that Devlin's motion be denied and that State defendants' motion be granted in part and denied in part. (Dkt. No. 29.) Pending are Devlin's objections to the R&R. (Dkt. No. 30.) For the reasons that follow, the R&R is rejected in part and adopted in part.

### II. Background[2]

---

[2] Consistent with the standard of review applicable to a motion to dismiss for failure to state a claim, the facts are drawn from the complaint and presented in the light most favorable to Hartley.

During the period of time relevant to the pending objections, Hartley was incarcerated at the Otsego County Jail. (Compl. at 3.) After complaining of pain in his stomach, Hartley was referred to Basset Health Care in Cooperstown, New York. (*Id.*) An examination there revealed "an enlarged and perforated appendix" in need of removal "as soon as possible." (*Id.* at 4.) Upon discharge, a physician recommended that Hartley return "in a matter of days to determine whether or not the inflammation had subsided enough to proceed with the required surgery." (*Id.*) Following the contemplated follow-up appointment, "it was decided" that surgery should be scheduled tout suite. (*Id.*) A nurse at the County Jail was tasked with scheduling the surgery, but Devlin "disapproved the request for a transfer order (medical) so that the surgery could be completed," which caused Hartley to endure "excruciating pain for the duration of [his] time there." (*Id.*)

Liberally construed, Hartley alleges that Devlin was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. (*Id.* at 15.) After answering, (Dkt. No. 12), Devlin moved to dismiss, raising three grounds in support: first, that there was no constitutional violation; second, that he is shielded from liability by qualified

3

immunity; and, third, that he lacked personal involvement in any deprivation of rights. (Dkt. No. 20, Attach. 1 at 4-11.) Judge Hummel considered and rejected each of these arguments. (Dkt. No. 29 at 14-15, 19, 23-24.) Relying on facts asserted for the first time in Hartley's opposition to the motion to dismiss, Judge Hummel found that personal involvement was sufficiently alleged. (*Id.* at 14-15.) Judge Hummel ultimately recommended the denial of Devlin's motion. (*Id.* at 25.)

## III. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[3]  *See id.*

---

[3] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

4

## IV. **Discussion**

Devlin's objections to the R&R are threefold. First, he argues that Judge Hummel "erroneously relie[d] upon [Hartley]'s April 10, 2015 'opposition arguments' which do not constitute amendments to [the c]omplaint." (Dkt. No. 30 at 3-4.) Second, Devlin contends that Hartley has failed to establish his personal involvement in any alleged wrongdoing. (*Id.* at 4-5.) Third, qualified immunity, argues Devlin, shrouds him as a matter of law. (*Id.* at 5-6.) While Devlin's second and third arguments are merely a rehashing of previously made arguments triggering only clear error review, his first objection is specific and warrants *de novo* review. *See Almonte*, 2006 WL 149049, at *6-7. And because State defendants filed no objections, the recommendations as to their motion to dismiss are considered under the clear error standard. *See id.*

Contrary to Devlin's claim "that an opposition to a Rule 12 motion to dismiss is not a valid means of amending a complaint," (Dkt. No. 30 at 3-4), a court may, in its discretion, consider a *pro se* prisoner's response to a motion to dismiss as "effectively amend[ing]" the pleading, *Jones v. Fischer*, No. 9:11-cv-774, 2013 WL 4039377, at *2 n.8 (N.D.N.Y. Aug. 7, 2013); *see Gadson v. Goord*, No. 96 Civ. 7544, 1997 WL 714878, at *1 n.2

(S.D.N.Y. Nov. 17, 1997). *De novo* review of this issue requires an analysis of whether Hartley has sufficiently alleged Devlin's personal involvement in the claimed Eighth Amendment violation.

To sustain an award of damages for a violation of § 1983, the plaintiff must establish that the defendant was personally involved in a constitutional deprivation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). While direct participation in the alleged wrongdoing will always support the personal involvement showing, defendants in positions of supervision are not liable merely because of their place in the management hierarchy. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). To establish the personal involvement of supervisors that do not directly participate in the constitutional deprivation, the plaintiff must show that the defendant: "after being informed of the violation through a report or appeal, failed to remedy the wrong"; "created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom"; "was grossly negligent in supervising subordinates who committed the wrongful acts"; or "exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that

6

unconstitutional acts were occurring." *Id.*[4]

Here, a single factual allegation regarding Devlin is made by Hartley in the complaint. That allegation — that Devlin "disapproved the request for a transfer order (medical) so that surgery could be completed," (Compl. at 4) — is insufficient to establish Devlin's personal involvement in a deliberate indifference claim. Moreover, while the court recognizes that Hartley made further factual allegations regarding Devlin's involvement in his response to the motion to dismiss, (Dkt. No. 23 at 3), it declines to consider the new allegations as effectively amending the complaint for pragmatic reasons. As a result, Devlin's motion to dismiss is granted for lack of personal involvement. However, the claim against Devlin is dismissed without prejudice, and Hartley is granted leave to amend his complaint within thirty (30) days to include the new factual allegations regarding Devlin. Any such amended complaint will replace the existing amended complaint, and must be a wholly-integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court.

---

[4] A debate about the impact of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), on the *Colon* test for personal involvement continues to simmer in the Second Circuit. *See Jones v. Smith*, No. 9:09-cv-1058, 2015 WL 5750136, at *8 n.6 (N.D.N.Y. Sept. 30, 2015).

The court has carefully reviewed the remainder of the R&R for clear error and has found none.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk shall amend the docket to reflect that defendant "Head Sheriff Devlin" is Richard Devlin, Jr.; and it is further

**ORDERED** that Magistrate Judge Christian F. Hummel's Report-Recommendation and Order (Dkt. No. 29) is **REJECTED IN PART AND ADOPTED IN PART** as follows:

>**REJECTED** insofar as Devlin's motion to dismiss (Dkt. No. 20) was denied as to personal involvement; and
>
>**ADOPTED** in all other respects; and it is further

**ORDERED** that Devlin's motion to dismiss (Dkt. No. 20) is **GRANTED** and the claim against Devlin is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Hartley may file an amended complaint consistent with this Memorandum-Decision and Order, which is a wholly-integrated and complete pleading that does not rely upon or incorporate by reference

any pleading or document previously filed with the court, within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that, in the event that Hartley does not file an amended complaint, Devlin shall be dismissed with prejudice without further order of the court; and it is further

**ORDERED** that State defendants' motion to dismiss (Dkt. No. 22) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** as to the Eight Amendment deliberate indifference claims against Koeningsmann and Kelly; and

**DENIED** in all other respects; and it is further

**ORDERED** that the Clerk shall terminate Koeningsman and Kelly from the docket; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 24, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge