**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL S. HARTLEY,

                       Plaintiff,

           v.                                        No. 9:14-CV-1366
                                                           (GLS/CFH)

RICHARD DEVLIN, JR., et al.,

                       Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

Michael S. Hartley
12 Division Street
Apt. 1
Oneonta, New York 13820
Plaintiff pro se

Hon. Eric T. Schneiderman                   RYAN W. HICKEY, ESQ.
Attorney General for the                     Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224
Attorney for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Michael S. Hartley ("plaintiff"), a former inmate who was, at all

relevant times, in the custody of the New York Department of Corrections and Community

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that

---

    [1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

defendants Colleen Coppola, Dr. Vadlamudi, and Dr. Zaki – who, at all relevant times, were employed at Marcy Correctional Facility ("Marcy") – violated his constitutional rights under the First and Eighth Amendments.  Dkt. No. 1 ("Compl.").  Presently pending before the Court is defendants' Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Dkt. No. 58.  For the following reasons, it is recommended that defendants' motion be denied.

## I. Background

Plaintiff commenced this action on November 10, 2014 while incarcerated at Marcy. See Compl.  On February 4, 2015, the Court granted plaintiff's motion for leave to proceed in forma pauperis and ordered that plaintiff's Eighth Amendment claims against Ms. Coppola, Dr. Vadlamudi, and Dr. Zaki, as well as plaintiff's First Amendment retaliation claim against Ms. Coppola, survived initial review.  See Dkt. No. 4.[2]  In the February 4, 2015 Decision and Order, the Court stated: "Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action."  Id. at 9.  On June 28, 2017, the Court issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines.  Dkt. No. 47.  On July 24, 2017, plaintiff notified the Court of his change in address.  Dkt. No. 48.  On October 23, 2017, defendants mailed a Notice of Deposition to plaintiff's address of record.  Dkt. No. 58-1 ("Def. Mem. of Law") at

---

[2] Claims against Kelly, Jr., Keoningsman, and Devlin also survived initial review, but were dismissed pursuant to defendants' motions to dismiss.  See Dkt. No. 31.

2

4.   On November 1, 2017, the Notice of Deposition was returned to defendants as undeliverable.  Id.  The sticker on the return envelope stated: "RETURN TO SENDER, NO SUCH NUMBER, UNABLE TO FORWARD."  Id. (quoting Dkt. No. 58-2 ("Hickey Decl.") ¶12).

On November 6, 2017, defendants filed a letter motion requesting that the Court instruct plaintiff to update his address.  Def. Mem. of Law at 4; Dkt. No. 52.  Defendants mailed a copy of the November 6, 2017 letter to plaintiff, but it was returned as undeliverable.  Def. Mem. of Law at 4.  On November 9, 2017, the undersigned issued a Text Order advising plaintiff "to provide the Court and opposing counsel with his current address on or before December 1, 2017.  Failure to do so may result in dismissal of this action."  Dkt. No. 53; Def. Mem. of Law at 5.  Plaintiff failed to comply with the November 9, 2017 Text Order.  Def. Mem. of Law at 5.  On December 7, 2018, the undersigned issued a Court Ordered Notice of Hearing directing both parties to appear in person for a status/pre-motion filing hearing on December 20, 2017.  Dkt. No. 55.  The notice advised plaintiff that "failing to appeal for court ordered conferences or failing to comply with court ordered deadlines may result in a dismissal of [his] case."  Id.  On December 15, 2017, the Notice of Hearing was returned to the Court in its original envelope with the handwritten statement: "please contact Otsego County DSS."  Dkt. No. 56.  Plaintiff failed to appear at the December 20, 2017 hearing, and did not otherwise contact the Court.  Text Min. Entry dated Dec. 20, 2017; Def. Mem. of Law at 5.

On December 22, 2017, the undersigned granted defendants' request for leave to file a motion to dismiss for failure to prosecute.  Dkt. No. 57.  On January 8, 2018,

3

defendants filed the pending motion.  Dkt. No. 58.  On February 23, 2018, plaintiff filed a noticed with the Court updating his address and inquiring "as to when any hearings, rulings or appearances would be established."  Dkt. No. 61.

## II. Discussion[3]

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ."  FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rules 41(b) dismissal "is a harsh remedy" . . . [it] is appropriate only in extreme situations."  Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted).  Further, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies . . ."  Spencer v. Doe, 139 F.3d 107,112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a pro se litigant is entitled to 'special solicitude'; that a pro se litigant's submissions must be construed 'liberally'; and that such submissions must be read to raise the strongest arguments that they 'suggest.'").  A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

(2) whether the plaintiff was on notice that failure to comply with result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994)) (additional citations omitted). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

Assessing the abovementioned factors, the undersigned finds that the first three factors weigh in favor of dismissal. See Lucas, 84 F.3d at 535. First, as to the duration of plaintiff's failure to comply, this factor weighs slightly in favor of dismissal. The record is clear that prior to his February 23, 2018 letter, plaintiff had failed to communicate with either defense counsel or the Court in over four months. See Def. Mem. of Law at 7; Dkt. No. 48. Although there is no bright-line rule setting forth a duration of a plaintiff's failure to communicate that would warrant dismissal, four months is a relatively short period of time. See Lee v. Graziano, No. 9:12-CV-1018 (FJS/CFH), 2014 WL 1393952, at *3 (N.D.N.Y. Apr. 9, 2014) (granting dismissal where the plaintiff failed to take any action in the case for over fourteen months); Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010

WL 1330019, at *3 (N.D.N.Y. Mar. 16, 2010) (granting dismissal where the plaintiff failed to communicate with the Court or the defendants for "more than six months."). However, during the four-month time period, plaintiff failed to respond to two orders requiring him to notify the Court of his change of address. See Dkt. Nos. 53, 55. Thus, this factor weights in favor of dismissal.

Second, as to whether plaintiff was on notice, Lucas, 84 F.3d at 535, this Court warned plaintiff on at least three occasions that failure to provide the Court with a current address "may result in the dismissal of [the action]." Dkt. Nos. 4 at 9; 53; 55. Moreover, it is clear that plaintiff knew of his obligation to notify the Court of any change in address as he filed a prior notice advising the Court of such. See Dkt. No. 48 ("As the rule would imply it's a requisite that I [notify the Court of an updated address].").

Third, as to whether defendants will be prejudiced by further delay, Lucas, 84 F.3d at 535, it is clear that defendants' inability to depose plaintiff weighs in favor of dismissal as they have been denied access to necessary information needed to defend themselves in this action. See Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99-CIV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal).

However, the undersigned is mindful of plaintiff's pro se status, and that plaintiff had been responsive from the commencement of his action in November 2014 until October 2017 when defendants' Notice of Deposition was returned as undeliverable. See Dkt. Nos. 23 (plaintiff's April 2015 opposition to defendants' motion to dismiss); 25 (plaintiff's April

2015 letter motion requesting entry of default against certain defendants); 30 (plaintiff's February 2016 objections to the undersigned's Report-Recommendation and Order); 32 (plaintiff's April 2016 Motion for Reconsideration); 38 (plaintiff's March 2017 Motion for Rehearing/Motion to Appoint Counsel); 40 (plaintiff's May 2017 "amended motion").

Further, the undersigned notes that plaintiff has since updated his address with the Court and has inquired as to the next steps in his case. See Dkt. No. 61 at 1. Thus, in deference to plaintiff's status as a pro se litigant, and because plaintiff has since communicated with the Court, the undersigned concludes that, although a majority of the factors weigh in favor of dismissal, such dismissal would be an "extreme" sanction due to plaintiff's recent and earlier compliance. Spencer, 139 F.3d at 112; see supra, at 6. Accordingly, it is recommended that defendants' motion to dismiss for failure to prosecute be denied, with the opportunity to renew at any time should plaintiff fail to prosecute or comply with a court order. Plaintiff is reminded of his strict obligation to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in address, and that his failure to do so or otherwise participate in this action may result in dismissal of his case. See L.R. N.D.N.Y. 10.1(c)(1), 41.2(b).


### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 58) be **DENIED** without prejudice to renew; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation

7

and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[4]

**IT IS SO ORDERED**.

Dated: April 9, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).