**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL S. HARTLEY,

      Plaintiff,

   v.            No. 9:14-CV-1366
                (GLS/CFH)
RICHARD DEVLIN, JR., et al.,

      Defendants.

---

**APPEARANCES:**      **OF COUNSEL:**

Michael S. Hartley
12 Division Street
Apt. 1
Oneonta, New York 13820
Plaintiff pro se

Attorney General for the      RYAN W. HICKEY, ESQ.
 State of New York       Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

   Plaintiff pro se Michael S. Hartley ("plaintiff") a former inmate, who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C.§ 1983 alleging defendants Colleen

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Coppola, Dr. Vadlamudi, and Dr. Zaki – who, at all relevant times, were employed at Marcy Correctional Facility ("Marcy") – violated his rights under the First and Eighth Amendments. Dkt No. 1 ("Compl."). Presently before the court is defendants' second motion to dismiss pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure. ("Fed. R. Civ. P."). Dkt No. 67. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

Defendants' filed their first motion to dismiss pursuant to Rule 41(b) on January 8, 2018. Dkt. No. 58. Plaintiff did not file a response to that motion. On February 23, 2018, plaintiff filed a notice with the Court updating his address and "inquir[ing] as to when any hearings, rulings or appearance would be established." Dkt. No. 61.

On April 9, 2018, this Court issued a Report-Recommendation and Order recommending that defendants' motion be denied with leave to renew. Dkt. No. 62. A copy of that Report-Recommendation and Order is annexed to this decision and incorporated herein. On May 3, 2018, the Hon. Gary L. Sharpe, Senior United States District Court Judge, issued an order adopting the April 9, 2018 Report-Recommendation and Order in its entirety. Dkt. No. 64.

On May 14, 2018 the Court issued a notice scheduling an in-person status conference for May 29, 2018. Dkt. No. 65. The notice directed plaintiff to immediately notify the Court if he could not appear in person. Id. A copy of that notice was mailed to plaintiff by regular mail. Id.

Plaintiff failed to appear for that conference. Dkt. Entry dated May 29, 2018. On May 29, 2018, the Court issued a Text Order setting a briefing schedule for defendants' motion to dismiss for failure to prosecute. Dkt. No. 66. The Text Order advised plaintiff that his "failure

2

to respond to or appear at Court Ordered conferences or hearings may result in sanctions being ordered against Plaintiff, to include dismissal of this action." Id.

Defendants filed their second motion to dismiss for failure to prosecute on May 30, 2018. Dkt. No. 67. Defendants included an affidavit of service indicating that their complete motion had been served upon plaintiff by regular mail. Dkt. No. 67-8. The Court scheduled oral argument on that motion for June 29, 2019. Dkt. Entry dated May 30, 2018. A copy of that order was served on plaintiff by regular mail. Id.

Plaintiff failed to respond to defendants' second motion to dismiss. Plaintiff also failed to appear for oral argument. Dkt. Entry dated June 29, 2018. The transcript of that proceeding is annexed to this Report- Recommendation and Order. See Dkt. No. 69.

## II. Discussion[2]

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rules 41(b) dismissal "is a harsh remedy" . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted). Further, where the plaintiff is proceeding *pro se*, "courts should be especially hesitant to dismiss for procedural deficiencies . . . ." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases

---

[2] All unpublished opinions cited in the Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

3

in which we have said that a pro se litigant is entitled to 'special solicitude'; that a pro se litigant's submissions must be construed 'liberally'; and that such submissions must be read to raise the strongest arguments that they 'suggest.'"). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether the plaintiff was on notice that failure to comply with result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994)) (additional citations omitted). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

Assessing the abovementioned factors, the undersigned finds that the factors weigh in favor of dismissal. As to the first factor, the duration of plaintiff's failure to comply, see Lucas, 84 F.3d at 536, the record is clear that plaintiff has failed to communicate with either defense counsel or the Court in approximately five months. Although five months is a relatively short period of time, during that five-month period plaintiff failed to appear for appear for two court

4

conferences and respond to a second motion to dismiss for failure to prosecute. See Dkt. Entries dated May 29, 2018 and June 29, 2018. The undersigned also notes that prior to plaintiff's February 23, 2018 letter, he had not been in communication with defense counsel or the Court in over four months. See Dkt. No. 62. As to the second factor, notice, see Lucas, 84 F.3d at 536, plaintiff was advised on at least four occasions that the failure to comply with Court rules or to attend Court conferences may result in the dismissal of this action. See Dkt. Nos. 4 at 9, 53, 55 and 66. As to the third factor, whether defendants will be prejudiced by further delay, see Lucas, 84 F.3d at 536, plaintiff's failure to appear for his deposition has denied defendants access to information needed to defend themselves in this litigation. See Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal). The undersigned finds that the need to alleviate court congestion and manage the caseload, particularly in view of plaintiff's apparent abandonment of this action, outweighs plaintiff's right to his day in court.

Thus, on balance, it is recommended that defendants' Motion to Dismiss on this ground be granted. Notwithstanding, in light of plaintiff's pro se status, it is recommended that the dismissal of the action be without prejudice. See Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3

5

(N.D.N.Y. June 5, 2014) (same).

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Rule 41(b) (Dkt. No. 67) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[3]

**IT IS SO ORDERED**.

Dated: July 30, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).